989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Wendell R. AYERS, Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction;
Robert Clark, Disciplinary Hearing Administrator, Cummins
Unit, ADC; Willis Sargent, Warden, Cummins Unit, ADC; M.D.
Biram, Hearing Officer, Cummins Unit, ADC; Captain W.
Ruhge, Cummins Unit, ADC; Lt. Ryan, Cummins Unit, ADC, Appellees.
 No. 92-3126.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 7, 1993.
Filed: January 15, 1993.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wendell R. Ayers, an Arkansas inmate, appeals from the district court's[1] grant of summary judgment in favor of defendants in this 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 In December 1991, Ayers filed this action against officials of the Arkansas Department of Correction claiming that they conspired to retaliate against him (by filing a disciplinary action and by transferring him) for exercising his right to file grievances and lawsuits. Ayers demanded a jury trial, and sought injunctive, declaratory, and monetary relief.
 
 
 3
 After receiving Ayers' response to defendants' motion for summary judgment, the magistrate judge recommended granting the motion because Ayers' "conclusory allegations of conspiracy fail[ed] to create a triable issue" and because Ayers failed to respond to defendants' affidavits with specific genuine issues of material fact. The magistrate judge noted that defendants' affidavits presented some evidence to sustain the disciplinary action and showed that defendants neither retaliated nor conspired against plaintiff for filing grievances or civil actions. The district court adopted the magistrate judge's recommendation over Ayers' objections, and this timely appeal followed.
 
 
 4
 We review a grant of summary judgment de novo, and we examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). However, "parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings ... [and] must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial." Green v. St. Louis Hous. Auth., 911 F.2d 65, 68 (8th Cir. 1990).
 
 
 5
 The district court did not err in entering summary judgment because Ayers failed to rebut defendants' evidence that they did not conspire to retaliate against Ayers by filing a disciplinary action or by transferring him. His contention that he could have produced testimony and documents only at an evidentiary hearing, because he had only one copy of each document and he did not have access to a copying machine, lacks merit. Even if Ayers was concerned about submitting his only copy of documents, he could have submitted affidavits from prospective witnesses regarding the alleged retaliation and conspiracy, and he could have explained in his response to the summary judgment motion how the documents raised genuine issues of material fact as to retaliation and conspiracy. Reliance on the allegations in his pleadings was insufficient. See Green, 911 F.2d at 68.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas